[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO DISMISS NOS. 123 AND 125
CT Page 11264
The plaintiff, Aetna Life Casualty, brings this action against the defendant, Heidi Glatzel-McAdams (McAdams), to recover for damages that it incurred as a result of a fire on the premises owned by its insureds, Joseph and Joanne Gandolfi. In a revised complaint filed on June 9, 1993 the plaintiff alleges that McAdams rented an apartment on the Gandolfi's premises at the time of the fire. The plaintiff alleges that the fire was caused by McAdam's negligence. The plaintiff further alleges that it has subrogation rights pursuant to the insurance policy it issued to the Gandolfis, and that it has paid the Gandolfi's claim. The plaintiff now seeks reimbursement from McAdams.
McAdams subsequently filed a motion to implead Fieldcrest Cannon, Inc. (Fieldcrest) and Caldor, Inc., as third party defendants for purposes of indemnification (#114). At that time, McAdams also filed a motion to cite in Fieldcrest and Caldor as party defendants for purposes of apportioning liability (#115). The motions were granted by the court, Ballen, J., on May 2, 1994.
On May 2, 1994, the sheriff served the third party summons and complaints upon the statutory agents for service for both Fieldcrest and Caldor. (McAdams served a summons and third party complaint for indemnification upon both Fieldcrest and Caldor, as well as a summons and "third party complaint" for apportionment of liability upon both Fieldcrest and Caldor.) In the third party complaints, McAdams alleges that the fire was caused by a defective electric blanket that was manufactured by Fieldcrest and distributed by Caldor. Caldor filed an appearance on May 19, 1994, and Fieldcrest filed an appearance on June 28, 1994.
On June 10, 1994, the plaintiff filed an amended revised complaint (#120). In the first count, the plaintiff asserts a negligence claim against McAdams. In the second and third counts, the plaintiff respectively asserts claims against Fieldcrest and Caldor pursuant to the Product Liability Act, General Statutes § 52-572m.
On July 11, 1994, Fieldcrest filed a motion to dismiss the plaintiff's amended revised complaint on the grounds of insufficiency of process, insufficiency of service of process and lack of personal jurisdiction (#123). On July 25, 1994, Caldor filed a motion to dismiss the plaintiff's amended revised complaint on the grounds of insufficiency of process, insufficiency of service of process and lack of personal jurisdiction (#125). CT Page 11265 LAW
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The grounds which may be asserted in this motion are: . . . . (2) lack of jurisdiction over the person; . . . (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985): Practice Book § 143.
In support of their respective motions to dismiss, Fieldcrest and Caldor argue: (1) that the plaintiff improperly served the amended revised complaint by way of first class mail, instead of by way of sheriff as required by General Statutes § 52-50; (2) that the plaintiff failed to attach a summons to the amended revised complaint, as mandated by General Statutes § 52-45a; and (3) that the plaintiff mailed copies of the amended revised complaint to the attorneys for Fieldcrest and Caldor, instead of serving process upon the appropriate agents for service of process as mandated by General Statutes § 52-057(c).
General Statutes § 52-102a(c) provides in pertinent part that "[t]he plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint. . . ." See also Practice Book § 117. Neither the Practice Book nor the General Statutes explicitly state what procedure a plaintiff should use to assert such a claim against a third-party defendant. Fieldcrest and Caldor argue that the plaintiff must have a sheriff serve their statutory agents with a summons and complaint. The plaintiff contends that it served an amended complaint upon the third-party defendants by mailing copies of said complaints to their attorneys and this is sufficient as the third-party defendants have already been served with third-party summons and complaint, and have filed appearances in the action.
"A writ of summons is a statutory prerequisite to the commencement of a civil action." Hillman v. Greenwich,217 Conn. 520, 526, 587 A.2d 99 (1991); General Statutes § 52-45a. "Any pleading asserting new or additional claims against parties whohave not appeared . . . shall be served on such parties." (Emphasis added.) Practice Book § 121(c). Practice Book § 122 provides in pertinent part that "[s]ervice pursuant to [Practice Book] § 121(c) CT Page 11266 shall be made in the same manner as an original writ and complaint is served or as ordered by the court." "If [a] motion [to implead a third party] is granted, a writ and complaint in usual form must be served upon the new defendant by some appropriate method of service." 1 E. Stephenson, Connecticut Civil Procedure, § 130d, p. 547 (2d Ed. (1970). Section 52-102a(b) provides in pertinent part that "[t]he writ, summons and complaint so served [by the third-party plaintiff upon a third-party defendant] shall be equivalent in all respects to an original writ, summons and complaint. . . ." It is this courts position that in the present case, the third-party complaint served upon Fieldcrest and Caldor are the "original" complaints. The court has obtained personal jurisdiction over Fieldcrest and Caldor pursuant to the third-party summons and complaints filed by McAdams, and Fieldcrest and Caldor both filed appearances in this action in response to these third-party summons and complaints.
In the present case, since the action has been commenced against Fieldcrest and Caldor prior to the time that the plaintiff filed the amended revised complaint which stated claims against these third-party defendants, the plaintiff did not have to proceed pursuant to General Statutes § 52-45a. Rather, the plaintiff had to follow the procedure set forth in Practice Book § 121(a), which provides in pertinent part that:
 It is the responsibility of counsel filing [pleadings and other papers] to serve on each other party who has appeared one copy of every pleading subsequent to the original complaint. . . . When a party is represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court.
(Emphasis added.) Practice Book § 122 provides in pertinent part that "[s]ervice upon the attorney . . . except service pursuant to [Practice Book] § 121(c), may be made by delivering a copy to him orby mailing it to him at his last known address." (Emphasis added.) In the present case the plaintiff's amended revised complaint is a pleading which is subsequent to the "original" complaint, (i.e., it was filed subsequent to the third-party complaints). As such, the amended revised complaint can be served by mailing copies to the attorneys for Fieldcrest and Caldor, pursuant to Practice Book §§ 121(a) and 122. There is no need to have a sheriff serve the amended revised complaint on the statutory agents for Fieldcrest and Caldor.
Accordingly, the court denies Caldor's and Fieldcrest's respective motions to dismiss.
LAWRENCE L. HAUSER, JUDGE CT Page 11267
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 11267-V